**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

FRANK JEFFERSON SNYDER,

        Petitioner,

v.　　　　　　　　　　　　　　　CASE NO. 2:07-CV-14039
　　　　　　　　　　　　　　　　HONORABLE LAWRENCE P. ZATKOFF
MILLICENT WARREN,　　　　　　UNITED STATES DISTRICT JUDGE


        Respondent,
_____/

## ORDER TRANSFERRING CASE TO THE COURT OF APPEALS
## PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)

### I. Introduction

Before the Court is petitioner's habeas corpus petition filed under 28 U.S.C. § 2254. Petitioner has previously filed a petition for a writ of habeas corpus challenging his 1976 conviction out of the Tuscola County Circuit Court for second-degree murder. The first petition was denied on the merits. *See Snyder v. Grayson,* 872 F. Supp. 416 (E.D. Mich. 1994); *aff'd,* 57 F. 3d 1070 (Table)(6th Cir. 1995); *cert. den.* 516 U.S. 889 (1995). For the following reasons, the Court has concluded that it must transfer this case to the Court of Appeals.

### II. Discussion

Before a second or successive habeas petition is filed in a federal district court, a habeas petitioner shall move in the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *See also In re Wilson*, 142 F. 3d 939, 940 (6th Cir. 1998). Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal district

1

court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *See Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999). Unless the Sixth Circuit Court of Appeals has given its approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the Sixth Circuit Court of Appeals no matter how meritorious the district court believes the claim to be. *Id.* at 971; *See also In Re Sims*, 111 F. 3d 45, 47 (6th Cir. 1997). This requirement transfers to the court of appeals a screening function which the district court previously would have performed. *See Felker v. Turpin*, 518 U.S. 651, 664 (1996).

In the present case, petitioner has previously filed a habeas petition with the federal courts. Although petitioner would not have been required to obtain a certificate of authorization following the dismissal of his first petition if it had been dismissed without prejudice on exhaustion grounds, *See Nasr v. Stegall*, 978 F. Supp. 714, 717 (E.D. Mich. 1997), petitioner's first petition was dismissed on the merits. Petitioner's current habeas petition is a second or successive petition for a writ of habeas corpus and he is thus required to obtain a certificate of authorization. Although neither party raised the issue of this being a second or successive petition, it is appropriate for this Court to consider the issue *sua sponte* because subject matter jurisdiction goes to the power of the courts to render decisions under Article III of the Constitution. *See Williams v. Stegall*, 945 F. Supp. 145, 146 (E.D. Mich. 1996). Because this appears to be a successive habeas petition, it would be error to dismiss the petition as being time barred, rather than transfer it to the Sixth Circuit, because to do so in the absence of a certificate of authorization from the Sixth Circuit would impermissibly circumvent the AEDPA's gatekeeping provisions. *See Corrao v. United States*, 152 F. 3d 188, 190-

91 (2nd Cir. 1998).

### III. Conclusion

Petitioner has not obtained the appellate authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A). Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 and *In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).


                s/Lawrence P. Zatkoff
                LAWRENCE P. ZATKOFF
                UNITED STATES DISTRICT JUDGE

Dated: October 16, 2007

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on October 16, 2007.

                s/Marie E. Verlinde
                Case Manager
                (810) 984-3290